■ GIFFORDS OIL COMPANY, INC., Appellant, v GEORGE BOSS, Defendant, and JAMES F. McGUIRE, as President of Local Union No. 553, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, et al., Respondents.—In an action to recover (1) for property damage allegedly inflicted by defendants upon plaintiff's tank truck and (2) punitive damages for such act and for other acts, similar in type and intent, inflicted upon plaintiff and its employees, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, entered March 1, 1976, as dismissed the complaint against defendants McGuire and Diovisalvo, in their respective capacities as officers of Local Union No. 553, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers. Order affirmed insofar as appealed from, with $50 costs and disbursements. The complaint was properly dismissed as against defendants McGuire and Diovisalvo in their respective capacities. Leave to replead was properly not granted because it was not shown to Special Term by competent evidentiary material that the union had authorized, participated in or ratified the tortious conduct enumerated in the complaint (see *Martin v Curran,* 303 NY 276). As stated by the Court of Appeals in *Martin* (p 282): "So, for better or worse, wisely or otherwise, the Legislature has limited such suits against association officers, whether for breaches of agreements or for tortious wrongs, to cases where the individual liability of every single member can be alleged and proven. Despite procedural changes, substantive liability in such cases is still, as it was at common law, 'that of the members severally' *(Sperry Products, Inc. v. Association of Amer. R. R.,* 132 F. 2d 408,

410, certiorari denied 319 U. S. 744). 'In the kind of association now under consideration, only those members are liable who expressly or impliedly with full knowledge authorize or ratify the specific acts in question' (Wrightington on Unincorporated Associations and Business Trusts, § 64)." At bar, the union membership's authorization of the strike against plaintiff did not constitute authorization, participation in and ratification of the specific tortious acts in question (see *Martin v Curran, supra).* The case of *Matter of Advance Trucking Corp. (Truck Drivers Local Union No. 807)* (38 Misc 2d 618), cited by appellant, is not apposite because there the monetary damage award against the union was the result of an arbitration to which the union had submitted, rather than a damage suit in a court of law. *Nathan's Famous v Local 1115, Joint Bd., AFL-CIO* (70 Misc 2d 257), cited by appellant, involved only the emergency question of whether to issue a temporary injunction against unlawful, mass, violent picketing; in *Nathan's* the court did not hold that the members of the union who were not present were subject to a money judgment for the acts of the union pickets. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.